[Cite as *Leisgang v. Ohio Dept. of Transp.*, 2011-Ohio-4786.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRENT LEISGANG

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

   Case No. 2011-02280-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    Plaintiff, Brent Leisgang, filed this action against defendant, Department of Transportation (ODOT), contending his 1988 Mercedes Benz was damaged as a proximate result of negligence on the part of ODOT personnel in maintaining a hazardous condition on Interstate 74 in Hamilton County. Specifically, plaintiff asserted he suffered two damaged tires to his vehicle as a result of striking potholes located eastbound on I-74 in the center lane "between mile markers 8 & 9." Plaintiff recalled the described incident occurred on January 6, 2011 at approximately 8:00 p.m. Plaintiff seeks damage recovery in the amount of $537.12, which includes a request for reimbursement of the $25.00 filing fee. The filing fee was paid.

{¶2}    Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing potholes prior to plaintiff's January 6, 2011 described occurrence. Defendant located the potholes "between mileposts 8.00 and 9.00 on I-74 in Hamilton County" and advised that "ODOT did not receive any reports of the pothole or have knowledge of the pothole prior to the

incident." Defendant asserted that plaintiff failed to produce any evidence to establish the length of time the potholes existed on I-74 prior to his damage occurrence. Defendant suggested that "it is likely the pothole existed for only a short time before the incident."

{¶3} Furthermore, defendant argued that plaintiff failed to prove the roadway was negligently maintained. Defendant explained that the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were detected between mileposts 8.00 and 9.00 on Interstate 74 the last time that section of roadway was inspected before January 6, 2011. The claim file is devoid of any roadway inspection records. Defendant did submit "Maintenance Records" for Interstate 74 covering the period from July 6, 2010 to January 6, 2011. These records show that pothole patching repairs were needed in the vicinity between mileposts 8.00 and 9.00 on July 11 and 12, 2010, and January 3, 2011.

{¶4} Plaintiff filed a response asserting that defendant negligently maintained the roadway in that the potholes he hit were not promptly repaired and that potholes were still evident on the roadway as recently as February 5, 2011, (pictures submitted).

{¶5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.* 99 Ohio St. 3d 79, , 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 79, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996),

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway condition of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the potholes. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the potholes must be presented.

{¶8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the potholes appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the length of time that the particular potholes were present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the potholes.

{¶10} Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. The fact defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident one time in the month preceding January 6, 2011 does not prove negligent maintenance of the roadway on the part of ODOT.   See *Maynard v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-03730-AD, 2004-Ohio-3284; *Marcis v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-05830-AD, 2004-Ohio-4830. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRENT LEISGANG

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02280-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Brent Liesgang
200 Hickory Court
Harrison, Ohio  45030

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
5/12
Filed 6/14/11
Sent to S.C. reporter 9/21/11